PER CURIAM.
The defendant appeals from an adverse judgment in an automobile accident case. The plaintiff sought recovery for injuries received when her automobile, while making a left turn at an intersection, was involved in a collision with one driven by defendant. Plaintiff was proceeding south on 27th Avenue in Miami. She stopped in a left turn lane at an intersection controlled by a traffic light, intending to turn left. The defendant was proceeding north on 27th Avenue at the prescribed speed of 40 miles per hour in the inside or centermost lane for northbound traffic. Plaintiff attempted to complete her turn and was struck by defendant’s northbound car, which entered the intersection after the light turned amber. There was a conflict in the evidence as to whether the light was still amber or was red when the collision occurred. There was some testimony it was red for the north-south traffic. However, the defendant testified that when the light changed from green to amber he was 40 feet from the intersection, from which it could be inferred the light was still amber when defendant entered the intersection. Two cars traveling slower had stopped or were slowing to a stop in the right hand north-bound lane when defendant entered the intersection. The conflicts in the evidence and in allowable inferences were material on the questions of negligence of the defendant and contributory negligence of the plaintiff. The trial judge, on his own motion, directed a verdict for the plaintiff, upon expressing the view that the defendant’s testimony amounted to admission of negligence. We can not agree. Our examination of the record leads to the conclusion that negligence of the defendant was not established as a matter of law, but was a jury question, as likewise was the question of contributory negligence. As to the latter, it appeared clearly one for jury determination, in view of the duty of a driver making a left turn to yield to oncoming traffic. On holding it was error not to submit the issues of negligence and contributory negligence to the jury, it becomes unnecessary for us to decide other questions raised on the appeal.
The judgment is reversed and the cause is remanded for new trial.